**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1321-19

JASON MILLER,

    Plaintiff-Appellant,

v.

BOROUGH OF BERLIN POLICE,

    Defendant-Respondent.

_____

Argued June 1, 2021 – Decided June 21, 2021

Before Judges Rothstadt and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-3537-18.

Louis M. Barbone argued the cause for appellant (Jacobs & Barbone, PA, attorneys; Louis M. Barbone, on the brief).

Andrew S. Brown argued the cause for respondent (Brown & Connery, LLP, attorneys; Christine P. O'Hearn and Andrew S. Brown, on the brief).

PER CURIAM

Plaintiff Jason Miller appeals from an October 24, 2019 order sustaining eleven disciplinary charges issued against him by defendant Borough of Berlin Police Department (Department) and upholding the Department's decision to terminate his employment as a police officer. We affirm.

We summarize the facts leading to plaintiff's termination as a police officer. Plaintiff was dispatched to a banquet hall to investigate a reported theft of a purse. The manager of the banquet hall informed plaintiff about the theft and presented video surveillance of an employee taking the victim's purse from a table. The manager also provided the employee's name and address to plaintiff. Although plaintiff watched the video with the manager, he requested a copy in order to conduct a more detailed review at police headquarters because plaintiff believed there was insufficient information to arrest the employee at that time.

In addition to speaking with the manager of the banquet facility, plaintiff spoke to the victim. Plaintiff gave the victim a stolen property report and explained she needed to complete the document to report the stolen items. The victim and her husband asked plaintiff about the next step in the process to determine if the employee would be charged with a crime. He told the victim the case was a "slam dunk," the identity of the perpetrator was "clear as day,"

and the employee would be charged for his crime. However, plaintiff did not arrest the employee or perform any further investigation.

Despite the victim expressing her wish to press charges, plaintiff's incident report falsely stated the victim did not wish to pursue charges. When the victim telephoned the Department to follow up on the matter, another officer took the call and explained an arrest of the employee on felony charges could have been made based on the information available and there was no need for the victim to sign a complaint. Several days after the theft, other officers arrested the employee, who confessed to his crime.

The Department determined plaintiff "engaged in a pattern of subsequent conduct which included untruthful statements in his police report, to his fellow officers and supervisor and to the victim concerning the seriousness of the crime and the process to be followed." Plaintiff disputed the Department's allegations, claiming mishandling of the video evidence precluded positive identification of the perpetrator. He also asserted misleading statements were made by fellow officers regarding his investigation of the theft. Additionally, he claimed any mistakes in his handling of the investigation were not done with the intention to violate Department rules.

A-1321-19

On February 6, 2018, the Department filed disciplinary charges against plaintiff stemming from his investigation of the purse theft. The charges included: violation of Department disciplinary regulations related to neglect of duty, performance of duty, truthfulness, reports and bookings, conduct unbecoming an officer, disobedience of orders, cowardice, and misconduct. The Department sought plaintiff's termination pursuant to N.J.S.A. 40A:14-147.

Plaintiff appealed the charges and requested a hearing. The hearing officer, a retired Superior Court judge, conducted hearings on May 8 and May 18, 2018, and heard testimony from several Department officers, the victim, and plaintiff. The hearing officer issued an August 8, 2018 written decision upholding the charges. In his written decision, the hearing officer rendered credibility determinations, finding the victim and her husband were more credible than plaintiff because they had no personal interest in the outcome of the disciplinary charges. He also noted the demeanor of the victim and her husband to be direct and their testimony forthright. On the other hand, the hearing officer found plaintiff's testimony was not consistent and contradicted other credible evidence proffered during the hearing, including plaintiff's body worn camera footage of his conversation with the victim and her husband. Based on the testimony, the hearing officer made fifty-four specific findings of fact

regarding plaintiff's numerous violations of the Department's regulations. The charges against plaintiff fell into three categories: intentionally false or untruthful statements; failure to discharge his duty as a police officer; and misconduct.

The hearing officer concluded plaintiff's actions were intentional and not simply mistakes. He found plaintiff exhibited a pattern of deliberate behavior by taking "no action to enforce the law and breached [a] duty owed to the public and attempted to cover-up his inaction by misrepresentations to the victim and other officers as well as in the documented record."

In a September 6, 2018 supplemental written decision, the hearing officer concluded plaintiff's multiple instances of misconduct and failure to be truthful were sufficiently severe to warrant termination of plaintiff's employment with the Department. He noted police officers "are held to a higher standard. Citizens have a right to expect that when dealing with [the public], police officers will be truthful and that reports that are filed by the police would be accurate and honest." He also found "[p]olice officers, as an essential part of their job, must often testify in [c]ourt. One who has be determined to be untruthful loses credibility and the ability to be an effective witness." In addition, the hearing officer considered plaintiff's disciplinary record. Based on

A-1321-19

plaintiff's disciplinary history, the hearing officer concluded plaintiff "exhibited the same type of conduct and neglect of duty on a consistent basis. Such conduct negatively effects the operation of the [D]epartment as a whole and their ability to perform the function in protecting the residents of the Borough of Berlin."[1]

The Department issued a Final Notice of Discipline, adopting the hearing officer's recommendation and terminating plaintiff's employment effective September 14, 2018.

Five days later, plaintiff filed a complaint in lieu of prerogative writs seeking de novo review of his termination under N.J.S.A. 40A:14-150. On September 18, 2019, after several case management conferences and completion of discovery, Judge Deborah Silverman Katz heard counsels' arguments concerning plaintiff's termination. She also reviewed nineteen exhibits submitted without objection during oral argument.

In an October 24, 2019 written decision, the judge sustained the Department's charges against plaintiff related to his neglect of duty, untruthfulness, and misconduct. In rendering her determination, the judge relied extensively on the hearing officer's credibility determinations, as well as her

---

[1] Over a three-year span, plaintiff faced eleven disciplinary actions for various violations of Department rules and regulations.

own review of the transcripts of the proceedings before the hearing officer. In her written decision, Judge Silverman Katz gave detailed reasons for finding each witness's testimony credible or not credible. The judge also set forth detailed findings of fact in support of her conclusion the Department proved by a preponderance of the evidence plaintiff's numerous violations of Department regulations. Judge Silverman Katz found there was "sufficient, competent, and credible" evidence in the record, both documentary and testimonial, to sustain eleven of the Department's disciplinary charges against plaintiff.

In addition, Judge Silverman Katz concluded termination of plaintiff's employment with the Department was proper based on "the magnitude of [plaintiff]'s acts of neglect and untruthfulness, his prior disciplinary record, and the preservation of the public trust."

On appeal, plaintiff argues the judge erred in determining there was sufficient credible evidence supporting eleven disciplinary charges against him. In addition, plaintiff contends he was deprived of a fair hearing as a result of the Department's violation of the Attorney General's guidelines and N.J.S.A. 40A:14-181 regarding the internal affairs investigation. He also claims the penalty of termination was disproportionate under the totality of the circumstances and progressive discipline should have been imposed. We

7

disagree and affirm for the reasons set forth in Judge Silverman Katz's comprehensive and thorough thirty-three-page written decision. We add the following comments.

On de novo review of disciplinary proceedings, the trial court renders its own findings of fact based on an independent review of the record. Rureode v. Bor. of Hasbrouck Heights, 214 N.J. 338, 357 (2013). Our scope of review is "to decide whether there was adequate evidence before the [] [c]ourt to justify its finding of guilt." In re Phillips, 117 N.J. 567, 579 (1990). We will not disturb a trial court's ruling unless "the decision below was 'arbitrary, capricious or unreasonable' or '[un]supported by substantial credible evidence in the record as a whole.'" Ibid. (quoting Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980)).

Contrary to plaintiff's arguments, Judge Silverman Katz's decision is supported by substantial credible evidence and was not arbitrary, capricious, or unreasonable. Judge Silverman Katz cited extensively to the hearing testimony and documentary evidence in support of her determination.

We also reject plaintiff's contention progressive discipline rather than termination was the appropriate penalty for his conduct. Police officers are held to a high standard of responsibility and conduct. Twp. of Moorestown v.

Armstrong, 89 N.J. Super. 560, 566 (App. Div. 1965). "[A] police officer [cannot] complain that he or she is being held to an unfairly high standard of conduct. Rather, 'it is one of the obligations he [or she] undertakes upon voluntary entry into the public service.'" Phillips, 117 N.J. at 577 (quoting In re Emmons, 63 N.J. Super. 136, 142 (App. Div. 1960)).

Plaintiff's untruthfulness, neglect of duty, and misconduct were sufficiently egregious to warrant his termination even without considering his prior disciplinary history. Plaintiff's termination from the Department was supported by substantial, credible evidence in the record and was not arbitrary, capricious, or unreasonable.

We decline to consider plaintiff's challenge to the legality of the internal affairs investigation because he failed to raise the issue before the trial court. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (declining " to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest").

Here, plaintiff's argument is not addressed to the trial court's jurisdiction nor does it raise matters of great public concern. Plaintiff's counsel's mentioning of the internal affairs investigation during oral argument before Judge Silverman

9

Katz did not place the issue before the trial court. Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 3 on <u>R.</u> 2:6-2 (2021) (stating "a mere mention of an issue in oral argument does not require an appellate court to address it").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION